GEORGE K. GRIFFIN, *App't, versus* GEORGE PARCHER, *Adm'r.*

The " additional *time* not exceeding, in the whole, eighteen months," allowed by statute to creditors of an insolvent estate to prove their claims before the commissioners, means time in which the creditors may prove, and the commissioners may act, upon the claims to be proved.

The statute (c. 66, § 4, of R. S. of 1857,) manifestly intends that eighteen months, *in the whole,* should be given to the creditors, in which to present their claims; therefore the limitation of the time to eighteen months "from the date of the commission," contained in the statutes of 1841, was omitted.

APPEAL from a decision of the Judge of Probate for the county of Hancock. The case was presented to the full Court, on a statement of facts agreed upon at *Nisi Prius* by the parties.

The questions presented by the case were argued by *Waterhouse,* for the petitioner, and by

*Wiswell,* for the administrator.

Griffin *v.* Parcher.

The material facts are stated in the opinion of the Court, which was drawn up by

APPLETON, J. — The estate of Henry S. Jones having been represented insolvent on the 17th of June, 1857, commission- ers of insolvency were appointed, and a commission issued, allowing creditors six months in which to present and prove their claims. On the sixth of January, 1858, the time was extended three months. On the 28th of April, a further extension of four months was allowed.

The present petition for the allowance of further time was filed on the 15th of June, 1859.

There have been but thirteen months, within which the commissioners could have acted upon claims presented for their adjudication, and less than two years from the issuing of the commission had elapsed, when this petition was pre- sented.

The Judge of Probate refused to grant the prayer of the petition and allow further time, on the ground, that the time allowed by law to creditors, to bring in and prove their claims, had expired, and that he could not legally allow any additional time for that purpose.

By R. S., 1821, c. 51, § 25, the Judge of Probate is em- powered to appoint commissioners of insolvency, " and six months and such further *time*, not exceeding eighteen months in the whole, shall be allowed by the said Judge to the cred- itors to bring in and prove their claims; at the end of which limited time such commissioners shall make their report."

Upon this statute the inquiry arises, whether the *time* of eighteen months is eighteen months from the issuing of the commission, whether the same be open or not, or whether it means eighteen months while the powers of the commis- sioners are in full force, and in which claims may be proved. It is apparent that if the former alternative presents the true construction, the creditors may have much less than the re- quired time, and that such will always be the case if any time intervenes between the termination of one commission and the issuing of another.

This question was made in *Todd* v. *Darling*, 2 Fairfield, 34, and it was there decided, that the time between the termination of one commission, and the issuing of another, was not to be included within the eighteen months, but that the commission could not be opened after the statute limitation of four years had attached. "The Court of Probate," remarks WESTON, J., "in cases of insolvency, is to allow six months and further time, not exceeding eighteen months in the whole, to creditors to bring in and prove their claims. In this period, the time between the termination of one commission and the issuing of another is not to be reckoned. It is no part of the time in which creditors may prove their claims, which can be done only while the commission is open. But, in order to give effect to the limitation of four years, for the protection of the estate, the commission ought not to be opened after that limitation has attached." *Parkman* v. *Osgood & als.*, 3 Greenl., 117.

By R. S., 1841, c. 109, § 6, "the period of six months after the appointment shall be, in the first instance, allowed for the creditors to present and prove their claims; and, if necessary, an additional time, not exceeding eighteen months in the whole, *from the date of the commission*, at the discretion of the Judge, may be allowed for the reception and examination of claims generally, or of any particular claim or claims to be specified in the order of the Judge."

By this section it appears that, after the expiration of eighteen months *"from the date of the commission,"* the Judge of Probate was interdicted from further action.

The law stood thus till the revision of 1857, when, by c. 66, § 4, it was enacted, after giving the commissioners power to appoint a time and place for meeting, that "six months after their appointment shall be allowed, in the first instance, for the presentment of claims. An additional time, not exceeding in the whole, eighteen months, may be allowed therefor, or for any particular claim or claims specified in the order of the Judge."

This section is, substantially, coincident with the statute of

1821, relating to the same subject matter. By that, the creditors, at the discretion of the Judge, were allowed eighteen full months in which to prove their claims. The words "*from the date of the commission,*" which limit the time in the revised statutes of 1841, c. 109, § 6, are stricken out. Their insertion in that statute had the effect of changing the law of 1821, in reference to the time allowed creditors. The striking out these words was not without purpose or object. The law of 1821, which had received the construction of this Court in *Todd* v. *Darling,* 2 Fairf., 35, was thereby revived.

The " additional time, not exceeding in the whole eighteen months," means time in which the creditors may prove, and the commissioners may act upon the claims to be proved. The creditors, in this case, have not had eighteen months in which their claims could have been proved, nor can they ever have it unless the petition for extension of time be granted. The statute manifestly intends, that eighteen months *in the whole* should be given to the creditors in which to present their claims. The petitioner is entitled to the allowance of further time, as prayed for.

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.